UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

-v-                                              CASE No. 8:08-CR-323-T-23TGW

JAMES V. CADICAMO

_____

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the defendant's Motion to Dismiss (Doc. 62). The motion was referred to me by Judge Merryday (Doc. 106). For the foregoing reasons, I recommend that the motion be denied.

The defendant is charged in an indictment with participation in a RICO conspiracy (count one); a conspiracy to kill or harm Michael Malone in order to prevent him from assisting in another RICO conspiracy case, 8:04-CR-348-T-24TGW (count three); and a conspiracy to retaliate against Malone for his cooperation in the Government's ongoing RICO investigations and for testifying at the trial in 8:04-CR-348-T-24TGW (see Doc. 1). The defendant moves to dismiss this indictment pursuant to Rule 12(b), F.R.Crim.P., arguing that "the allegations in this indictment are so vague, ambiguous and indefinite

as to deprive the defendant of the rights guaranteed to him by the Fifth and Sixth Amendments to the Constitution of the United States" (Doc. 62, p. 2). The Government opposes this motion, contending that the indictment is legally sufficient (Doc. 82).

The defendant argued in the motion that count one of the indictment fails to identify the underlying predicate criminal acts that he engaged in and, consequently, he will be hampered in preparing his defense (Doc. 62, pp. 5-6). The defendant also alleged that counts three and four "constitute only one conspiracy" (id., p. 6).

At oral argument on this matter, defense counsel withdrew his objections regarding counts three and four of the indictment. Further, as to count one of the indictment, defense counsel conceded that the indictment sufficiently apprises the defendant of the charge against him. Instead, he narrowly argued that the indictment should be dismissed because it fails to allege with sufficient particularity the predicate criminal acts he engaged in, thereby hindering his ability to prepare his defense against the charge.

Count one of the indictment broadly alleges a host of criminal conduct. I found a similar indictment in the case of U.S. v. Malone, 8:04-

CR-348-24TGW, deficient because it failed to give sufficient details regarding the specific criminal acts underlying the conspiracy (see id., Doc. 192, p. 5).* However, such a deficiency does not require dismissal of the indictment. Rather, the proper vehicle to rectify this problem is a bill of particulars. See U.S. v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986) (noting that one of the purposes of a bill of particulars is to inform the defendant of the charge with sufficient precision to allow him to prepare his defense).

A motion for a bill of particulars has not been filed in this case. At the hearing, the Government acknowledged the similarities with the Malone case and, without conceding that the indictment is insufficient, stated that it has drafted a bill of particulars.

The draft bill of particulars has been provided to the defendant, and to the court. It lists seven specific criminal acts allegedly engaged in by the defendant. The Government stated at the hearing that it expects to file this bill of particulars by January 1, 2009. Defense counsel stated that the bill

---

*In that case, defense counsel filed a motion for a bill of particulars (Doc. 132). I ordered that the Government file a bill of particulars that provided certain information (Doc. 192, p. 6), and that ruling was sustained by Judge Bucklew (Doc. 221).

of particulars will "go a long way" to rectifying the claimed deficiency in count one of the indictment.

I therefore recommend that defendant Cadicamo's Motion to Dismiss (Doc. 62) be denied because a bill of particulars, which will likely remedy the alleged deficiency in count one, will be filed in the near future. If the defendant finds that the bill of particulars is insufficient, he may file a motion for a bill of particulars seeking additional information.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER 16, 2008

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).