UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               CASE No. 8:08-CR-323-T-23TGW

JAMES V. CADICAMO
_____

## REPORT AND RECOMMENDATION

The defendant is charged with participating in three conspiracies in a multi-count indictment with several other alleged co-conspirators. The defendant has filed motions for a Rule 8(a) Severance (Doc. 63) and for a Rule 8(b) and Rule 14(a) Severance (Doc. 64), arguing that he will be unfairly prejudiced by a joint trial of these counts and co-defendants. The government opposes both motions (Doc. 83).

These motions were referred to me by United States District Judge Steven D. Merryday for a report and recommendation (Doc. 106). Because the defendant has failed to show that compelling prejudice would result from a joint trial of these counts and defendants, I recommend that both motions be denied.

The defendant is charged in an indictment with participation in a RICO conspiracy (count one); a conspiracy to kill or harm Michael Malone in order to prevent him from assisting in another RICO conspiracy case, 8:04-CR-348-T-24TGW (count three); and a conspiracy to retaliate against Malone for his cooperation in the Government's ongoing RICO investigations and for testifying at the trial in 8:04-CR-348-T-24TGW (count four) (see Doc. 1).

A. In the defendant's Motion for Rule 8(a) Severance (Doc. 63) he seeks to have his trial on the RICO conspiracy charge in count one severed from the witness tampering and retaliation conspiracies alleged against him in counts three and four of the indictment (Doc. 63, p. 2, ¶4).

A two-step analysis determines whether separate charges may be properly tried at the same time. United States v. Walser, 3 F.3d 380, 385-387 (11th Cir. 1993). "First, the government must demonstrate that the initial joinder of offenses was proper under Rule 8(a) of the Fed.R.Crim.P." Id. Rule 8(a), F.R.Crim.P., provides:

> The indictment ... may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or

>   transaction, or are connected with or constitute parts of a common scheme or plan.

Rule 8(a) is construed broadly in favor of initial joinder. United States v. Walser, supra, 3 F.3d at 385. Next, if the offenses are properly joined under Rule 8(a), F.R.Crim.P., a determination must be made whether the joinder subjects the defendant to "compelling prejudice against which the district court could offer no protection." Id.

In this case, the charged offenses are properly joined. Thus, the Government alleges that the witness tampering and retaliation conspiracies are directly related to, and occurred during, the RICO conspiracy in count one because that conduct was in furtherance of the RICO conspiracy (Doc. 83, pp. 4-5). Specifically, the indictment alleges that, as part of the RICO conspiracy, the participants engaged in "criminal conduct designed to obstruct and prevent the prosecution of Criminal Enterprise members," including the murder and assault of those who were perceived as potential witnesses against them (Doc. 1, p. 12, ¶29).[1]

---

[1] Additionally, a draft bill of particulars specifies the "Armed Attempted Murder/Beating of Government Witness Michael MALONE" as one of the criminal acts by the defendant in furtherance of the RICO conspiracy.

-3-

Furthermore, the Government argued at the hearing that evidence regarding the RICO conspiracy is relevant to the witness tampering and retaliation conspiracies because the RICO conspiracy is a motive for the witness tampering (see also Doc. 83, p. 5). Consequently, counts three and four will involve the presentation of some of the same evidence as count one (id.). In sum, the counts are properly joined because count one is interconnected with counts three and four, and they are based on some of the same events.[2]

The defendant contends further that the counts should be severed because their joinder "will be prejudicially harmful to this defendant and he will be unable to receive a fair trial and just verdict" (Doc. 63, p. 3, ¶7). Rule 14(a), F.R.Crim.P., provides that the court may order separate trials of counts, or provide any other relief that justice requires, if a joint trial appears to prejudice a defendant. In this regard, the defendant must demonstrate "compelling prejudice against which the district court could offer no

---

[2] The defendant's argument that the counts are improperly joined under Rule 8(a), F.R.Crim.P., is unpersuasive because it is based on the misapprehension that the witness tampering and retaliation conspiracies are unrelated to the RICO conspiracy, and that the evidentiary overlap for these counts is limited to one witness (Doc. 63, pp. 2-5).

protection." United States v. Walser, supra, 3 F.3d at 385. Thus, the Eleventh Circuit has stated:

> The test for assessing compelling prejudice is whether under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict. If so, "though the task be difficult," there is no compelling prejudice. Moreover, if the possible prejudice may be cured by a cautionary instruction severance is not required.

Id. at 386-87 (citations omitted). "This is a heavy burden, and one which mere conclusory allegations cannot carry." Id. at 386.

In this case, the defendant has not articulated any specific reason why the jury would not be able to follow the court's instructions and evaluate the evidence regarding each count independently. See id. Therefore, because the defendant has failed to meet his burden to show compelling prejudice, I recommend that the Motion for a Rule 8(a) Severance (Doc. 63) be denied.

B. The defendant argues in his Motion for Rule 8(b) and Rule 14(a) Severance (Doc. 64) that his trial should be severed from that of his co-defendants. The defendant and four alleged co-conspirators are charged in count one of the indictment with participation in a RICO conspiracy that

included murder (Doc. 1, pp. 6-7, 15-16). Co-defendant David D'Arpino is charged in count two of the indictment with murder (id., p. 16). The defendant is not charged with murder. He argues that severance is necessary because several of his co-defendants are accused of murder, which will make it difficult for him to get a fair trial (Doc. 64, p. 2).[3]

"[T]he general rule is that defendants who are jointly indicted should be tried together, particularly in conspiracy cases." United States v. Baker, 432 F.3d 1189, 1236 (11th Cir. 2005), cert. denied, 549 U.S. 1085 (2006). However, Rule 14(a), F.R.Crim. P., provides that the court may sever defendants' trials, or provide any other relief that justice requires, if the joinder of defendants appears to prejudice a defendant. As indicated, severance is permissible only when the defendant can demonstrate that a joint trial will result in "specific and compelling prejudice" to the conduct of his defense. United States v. Baker, supra, 432 F.3d at 1236. Furthermore, the Eleventh Circuit has explained (id. at 1236-37(citations omitted)):

> [A] defendant does not suffer "compelling prejudice simply because much of the evidence at

---

[3]The defendant does not dispute that these defendants are properly joined under Rule 8(b), F.R.Crim. P. (see Doc. 64, p. 5). That rule provides an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

> trial is applicable only to his codefendants," even when the disparity is "enormous."
>
> In order to mitigate any "spillover effect" on co-defendants, a court should ordinarily give cautionary instructions to the jury, advising that certain evidence is to be considered relevant only as to certain defendants or certain charges. Severance is justified as a remedy only if the prejudice flowing from a joint trial is clearly beyond the curative powers of such instructions.

The defendant contends that he will suffer from a prejudicial "spillover effect" if he is jointly tried with his alleged co-conspirators (Doc. 64, p. 2, ¶5). Thus, he contends that "evidence of gruesome homicides will have an overwhelming impact upon jurors" and, consequently, he "runs the great risk of being convicted simply because he is charged with a conspiracy with these accused murderers" (id., ¶6). The contention that the jury would attribute violent conduct to the defendant solely due to his association with his co-defendants is unpersuasive.

In the first place, the Government has indicated that it will present evidence at trial that the defendant engaged in multiple acts of violence, including beating a man with a baseball bat and the attempted murder/beating of a government witness. The presentation of evidence that the defendant engaged in violent conduct undermines any contention of compelling prejudice. See United States v. Baker, supra, 432 F.3d at 1238

(any potential spillover effect did not amount to compelling prejudice, especially as to those defendants who were implicated to some extent in the violence).

Furthermore, the defendant has not shown that, because the co-conspirators allegedly engaged in more violent crimes, a jury could not follow the court's instructions to evaluate independently the evidence against each defendant regarding each of the charges. See id. at pp. 1236-38 (rejecting the contention that evidence of murders committed by co-conspirators had a spillover effect that amounted to compelling prejudice against defendants charged with participation in a drug conspiracy); United States v. Alvarez, 755 F.2d 830, 857-58 (11th Cir. 1985), cert. denied, 474 U.S. 905 (1985) (finding cautionary instructions were sufficient to minimize the risk of spillover prejudice against two defendants who were tried for participating in a drug conspiracy with co-conspirators who were charged with murder).

The defendant emphasized in his motion, and during oral argument, the case of United States v. Sampol, 636 F.2d 621 (D.C. Cir. 1980)(holding that severance was appropriate because guilt as to some of the co-defendants might "rub off" on the defendant). However, Sampol is not binding authority. Further, Sampol is factually distinguishable because,

among other things, Sampol's charges of making false statements to a grand jury and misprison of a felony were considered grossly disparate to the murder charges against co-defendants. There is not a similar gross disparity here since the defendant is also charged with crimes of violence. In addition, unlike here, Sampol was not charged with a conspiracy that included a murder. In all events, the <u>Sampol</u> decision did not apply the principles articulated by the Eleventh Circuit in cases such as <u>Baker</u>, and therefore it is not persuasive authority in the circumstances presented here.

In sum, because the defendant has failed to meet his burden of showing that compelling prejudice would result from the joinder of his trial with his co-defendants, I recommend that the defendant's Motion for Rule 8(b) and Rule 14(a) Severance (Doc. 64) be denied.

Respectfully submitted,

/s/ Thomas B. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 6, 2009

<u>NOTICE TO PARTIES</u>

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).

service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).